Good morning. My name is Kari Hong. I represent petitioner Sam Nakhokkong. I'd respectfully like to wish to save one minute for rebuttal. Judge Callahan, if I can jump in and answer the question that you've asked the other parties, which is as procedural matter, what is the appropriate response given that on the one hand, Martina Cedillo has been vacated, but yet there are two other binding precedents on the books. In my second Rule 28J letter, I cited to Shano V. Barr from 971 F. 3rd 965. In that decision, the panel published a decision, a procuring decision where they applied the old precedent, and then all three judges joined a concurring stating that the prior precedent was wrong. It seems to me that this court could go one step further and just call for en banc review. Okay, so but that okay, but within that, I appreciate your analysis here, because if they say it's wrong, then, and they're acknowledging that it's precedent, then Mike, that kind of answers my question there. But you're right, we can sue Esponte. We do have the authority to do that. It doesn't mean that the court would agree with us. But we can do that. Yes, yes, Your Honor. And so okay, so I guess you would answer my question. Yes, it is precedent. But you think it's wrong, and we should sue Esponte, call it? Well, no, I think it's confusing. I think Martina Cedillo very much reflected the full court's judgment that Cerdillo was wrong. And then there were the two other decisions that relied on it. So given the confusion, an en banc review might be appropriate for the full court to weigh in on this. As I argued in my briefs, Judge Wardlaw's dissent is very persuasive. And the court does seem to have the power to go that route as well. Can I ask you to maybe put aside Martina Cedillo or well, address whether in fact, we really need to confront the issue that was teed up in Martina Cedillo. Because looking at your case, in contrast to the other two, I guess I was inclined to think that whether matter of sorum should receive Chevron deference or not is irrelevant to resolving your client's case. Yes, I agree. I agree with my prior sister's statement that the court, it's time for the court to address this. And there's a definitely a need for the court to give clarity. But yes, Your Honor, even if the Jimenez Suarez standard is adopted, which adopted the Valenzuela-Hernandez standard, there's still, under footnote two, endangerment statutes fell outside of the Jimenez Suarez case. And in this case... Right, well, let me, can I jump in just because you're exactly right. Footnote two of Jimenez Suarez is exactly what I want you to focus on. I think that footnote dooms your case. So tell me why I'm misreading that. Yes, well, turning then, then we're at the overbreath of 1405. And 1405 has no actual injury and it has no endangerment. It has no risk of injury. And unlike the statute in Jimenez Suarez... Can I challenge you on that statement? Because as I understand it, your client was convicted under a statute that requires either sexual intercourse or oral sexual contact with someone who is 15 years or less, right? Yes. Okay. And then footnote two basically says, for someone of that age, that contact necessarily inflicts at least some kind of psychological or emotional injury. End of story, lose. So tell me why that's wrong. Because the Washington statute at issue involved a mens rea of touching done for the purpose of sexual gratification, which involves an exploitation of the child. Here, by contrast, it's simply intentional or knowing, touching, which can be a consensual touching, and then the child is under 15. Gomez already analyzed the statute and noted that there's no age requirement of the defendant. And in fact... But it's not mere touching, counsel. It's not mere touching. Just tell me if I'm missing something. I understand it to be sexual intercourse. That is not mere touching. And I don't know what other purpose you would engage in that contact for other than sexual gratification or oral sexual contact. It seems to me the same would be true of that. 1405 has sexual intercourse or sexual contact. The only way you can get to a class three felony is by 1404's definition of sexual abuse, which is a consensual touching of the breast of a teenager. Okay. Let's assume... I get that. I got that argument. And I think you're misreading the nature of the conviction here. So let's assume... Put aside the touching of the female breast. And let's just focus on 1405 alone. Explain why the two things you would need to do to be guilty of that offense wouldn't fall within what we said in footnote two. At the category level, 1405 has consensual sexual intercourse. The Corsep decision noted that this could be consensual sexual contact between two teenagers. There's nothing exploitation or abusive about sexual contact between two teenagers. That is what this statute encompasses. The sexual conduct part also, even under the counts of the indictment, noted only the touching of the breast. And again, Arizona knows how to define abuse. In the third rule 28 letter, child abuse statute under Arizona, 1336.23, defines the ability, the element of suffering physical injury. 2623 defines emotional abuse. There are other statutes for which the generic definition would encompass and include abusive exploitation and injury. 1405 is not one. And for that reason, 1405, even under the Jimenez-Fuarez definitions, is going to fall within what we said in footnote two. I noticed that there's an amici filed for your client in support of Mr. Nahakong and it asserts that Congress intended that the crime of child abuse only apply where there was an actual injury to the child. Do you agree with this reading of Congress's intent and how does this argument affect our review of the BIA's definition? Yes, Your Honor, and I think that dovetails to Judge Wardlaw's dissent. Judge Wardlaw is in dissent. When you cite a dissent, but that's the law, it's not. It's a dissent. I would love if all my dissents were the law, but unfortunately, it isn't until the Supreme Court reverses the majority, so we go on bonk. Yes, and Your Honor, what that amicus brief shows is that Senator Dole noted and introduced this amendment to deal with sexual predators, which he defined as vicious acts. And what's important, and this was in the opening brief as well, endangerment statutes basically sweep in, and civil statutes sweep in a lot more conduct, which is what matter of sorum does. There, they bring in endangerment statutes that sweep in parents who, based on their poverty, have left their child at home while they work or while they go to a job interview. And those statutes and that conduct is not what Senator Dole meant when he wanted to target sexual predators. So for that reason, again, 13-1405 is not targeting sexual predators. You want to save the balance for the battle? Yes. Thank you. All right, we're ready for you, Ms. Bird. Thank you. May it please the Court, Sarah Bird on behalf of the respondent, the Attorney General. The Court here should deny the petition for review because the Arizona sexual conduct with a minor statute is categorically a crime of child abuse. The generic definition has three elements, the mens rea, the act that constitutes maltreatment or impairs the well-being of a child, and the age of the child being under 18. And here, it's undisputed that it has the correct mens rea. You know, it's above criminal negligence. It's an intentional or knowing act. And that the child, the age here is under 15, whereas to meet the under 18. So we're only really disputing whether the acts of sexual intercourse or oral sex with a child under 15 are maltreatment of that child. And the government's position is that under this Court's precedent and under board precedent, having sex or oral sex with a child is categorically maltreatment of that child. It categorically impairs the child's well-being. It only has to one or the other. It's maltreatment or impairs. But you listen to the argument on the other, on the California statute, the 273 AA. And I don't know to what extent you are familiar with that. Are you trying to tell us your case is just much easier to win? I think it is much easier because as Judge Watford was getting at, I don't think this, this is not an endangerment subset statute. So we don't need to look at risk assessment. It's not, it doesn't fall into the clarification in matter of sorum. And this Court doesn't even have to reach whether or not to defer to matter of sorum. And for that, I would point to the Court's decision in Jimenez Juarez, which came out after a matter of sorum, but didn't even mention it. In that case, a sexual nature offense against a child, this Court relied solely on Fregoso and Velazquez Herrera to find that sexual offenses against children are categorically maltreatment of that child. And Jimenez Juarez was addressing sex acts that are broader than the one here. And the issue there was any touching of the sexual or other intimate parts of a person. Whereas here, it's explicitly sexual intercourse or oral sex. Yeah, I'm sorry to jump in at a potential difference. It's just the age differential that was required in the statute, the statute that was at issue in Jimenez Juarez. Whereas here, you've heard your opponent say that in theory, at least this statute could reach consensual conduct, conduct between two teenagers. Maybe you could address that. Yes. Okay. A couple of things. Primarily, I would point out that there is no requirement for an age differential for the generic definition of child abuse. So while the Washington statute at issue in Jimenez Juarez, the Court mentions age differential, that wasn't required because the generic definition doesn't require it. But I have a second point. But you're saying that a 16-year-old could commit child abuse on a 15-year-old if the two had consensual sex together? I'm not saying that because that's not at issue in this case. In this case, we have an additional statutory element that the sentence enhancement under 13-705 is dangerous crimes against children. And in order, that is an element under the Mathis analysis. And in order for that to apply, the person, well, first of all, has to be an adult or tried as an adult. Right. That's the problem, isn't it? From a category perspective. They're tried as an adult. That's the weakest part of your case. So address that specifically. Okay. Well, again, I would point back to the fact that there is no requirement for child abuse of an age differential. But I did look into what Arizona 578, where a child did get the sentence enhancement for dangerous crimes against children for sexual conduct when he was 14 to 16, and he was having sexual activity with his niece, who was three to five years old. And I think that was the only case I could find. And in certain extreme contexts, a 14 to six-year-old who's having sex with a three to five year old could be committing child abuse. But that was the only one I found where there was a juvenile was not tried in juvenile court for sexual conduct, but was actually tried as an adult. In other contexts, Arizona has not allowed the sentence enhancement, dangerous crimes against children, to be applied if someone is just adjudicated delinquent in juvenile court, because it's specifically supposed to be only for an adult criminal conviction. So is there your argument on that sort of the concept that, yeah, there might be out there a possibility, a way, a little teeny chance that that could happen, what you're talking about, but it's so remote that we don't need to worry about it? Is that what you're saying? Well, this is a categorical analysis, but there is also a consideration of what is the realistic probability with this sentence enhancement, combined with the sexual conduct. And we're saying that it is categorically going to be maltreatment of a child to under the age of 15. And that these hypotheticals about consensual sex between two teenagers are not what is being criminalized with a combination of these two statutes. And, you know, going to what Petitioner's Council mentioned about how congressional intent was that the child abuse removability ground would address people that that's exactly the intent for the Arizona's legislature behind this dangerous crimes against children sentence enhancement. So where you have that combined with 1405 and the sexual conduct with a minor, we're arguing that that just is categorically child abuse within the board's definition and within Jimenez-Juarez. And particularly footnote two, which just says that touching the sexual or intimate parts of a child no older than 15 categorically constitutes maltreatment of the child. And that's exactly what we have here. We have a child no older than 15, a 14-year-old or younger, and we have someone who's going even beyond just touching. And it is categorically maltreatment of the child and impairs the child's mental well-being. So we would argue that this case is well within the existing precedential definitions and the court doesn't even have to decide whether, in this case, whether to defer to SORM. If there are no further questions? I don't think we have any further questions. Any, either of you have questions? You read the, you read the room on that one. We don't have further questions. So you don't have to feel compelled to use every second. All right. Well, I would like to address briefly Gomez because that was raised in petitioner's argument and just remind the court that that involved a separate removability ground that's an aggravated felony. That was a case involving sexual abuse of a minor. And this said, and that's cited in our brief, that that is completely separate and a more stringent definition. And so this reliance on Gomez is misplaced. And this court reiterated that in the unpublished decision, the more recent unpublished decision that also found the exact same statute issue here is a crime of child abuse. That's in our brief, that's a 28 decision and it rejected the attempts to bring it into the sexual abuse of a minor aggravated felony, because that's just an entirely separate removability ground. And that's all I have. Thank you. All right. Rebettal? I have two points. First, because we are in the categorical approach, under the course of a decision, quote, sexual conduct with a minor under ARS 13-1405 can be committed consensually by teenagers under age 15. So Judge Watford, to your hypothetical, it can be two sophomores in high school who consensually engage in sex who would be convicted under this statute. Well, except that there's that separate element that ordinarily requires the defendant to be at least 18 or older. Yes, there's an exception for people who could be tried as an adult as well. And perhaps that could sweep in a teenager, but you've heard your opposing counsel say that that's just a completely speculative hypothetical. There's no realistic probability that the statute would ever be applied where a 16-year-old, let's say, would be tried as an adult for having had consensual sex with, say, a 15-year-old. What's your response to that? Well, two polls. One, the Lopez court said the text of the statute alone is enough for overbreadth. And that text alone says 18 or tried as an adult, which includes teenagers under 18. And second of all, what I quoted to you was from footnote one of an actual Arizona case. So that even meets the Duenas-Alvarez standards. So that defendant was tried as an adult in that case? Is that what you're saying? There's a footnote one. I mean, there's a realistic probability of prosecution. It's a standard under Duenas-Alvarez. And we have a court noting the consensus of the possibility that that occurred in its own reasoning. But it didn't actually occur. No, but it was noted as a possibility. Plus, we have the statutory overbreadth that is 18 or a child who's tried as an adult, which would then be consistent with the Arizona own case law. And the second point, Gomez, a contrary decision would conflict with Gomez, which also at 904 noted that consensual contact can be the basis, which is why it found this to overbroad to the sexual abuse of a minor aggravated felony. Your time's expired, unless either of my colleagues have additional questions. Your time's up. The clock's going up. It's not going down. All right, it doesn't appear we have additional questions. So this matter will stand submitted. Thank you both for your argument in this case. And you will hear from us when you hear from us. All right. Thank you.
judges: Callahan, Watford, Rakoff